UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:11-CR-202 JCM (CWH) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| RAY LUCERO AGUILERA, | |
| Defendant(s). | |

Presently before the court is Ray Lucero Aguilara's ("petitioner") motion for voluntary dismissal of his pending motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 52). The United States responded in opposition to his motion (ECF No. 53), and petitioner replied (ECF No. 54).

**I.  Voluntary Dismissal**

Petitioner moves to voluntarily dismiss his § 2255 motion pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), asserting that he no longer seeks relief thereunder. (ECF No. 52).

Pursuant to Federal Rule of Civil Procedure 41(a)(1), which governs voluntary dismissal of actions: "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

Specifically, petitioner argues that his notice was filed "before the opposing party serve[d] an answer or a motion for summary judgment." (ECF No. 54 at 3); Fed. R. Civ. P. 41(a). Additionally, the petitioner cites to *Hamilton v. Shearson-Lehman Am. Exp., Inc*., which states that: "Until an adverse party files an answer or a motion for summary judgment, the plaintiff can have the action dismissed merely by filing a notice of dismissal with the clerk. Rule 41(a)(1)(A)(i) does not require leave of court to dismiss the action." 813 F.2d 1532, 1534 (9th Cir. 1987).

**James C. Mahan
U.S. District Judge**

While the petitioner may voluntarily dismiss his action under rule 41(a)(1)(A)(i), he may only do so when it is not inconsistent with any "statutory provisions or [the Rules Governing Section 2255 Cases]." Rules Governing Section 2255 R. 12. Furthermore, while petitioner may freely submit his motion, he is constrained by 28 U.S.C. § 2255(b) which states that:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

In the instant case, the petitioner's underlying motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] (ECF No. 46). His arguments fail as a matter of law, and he is entitled to no relief because the Court's decision in *Beckles v. United States* effectively and conclusively preclude him from relying on *Johnson*. *See* 137 S. Ct. 886, 892, 895 (2017).

Therefore, consistent with this court's previous holdings, the court will dismiss the petitioner's § 2255 motion based on the statute of limitations and on the merits. *See generally*, *United States v. Cirino et al*, 2:03-cr-00176-JCM, ECF No. 175 at 2 (D. Nev. Apr. 26, 2017) (holding that "the better course for dismissal of petitioner's § 2255 motion to be on the merits and based on the statute of limitations" as it relates to petitions relying on *Johnson*); *United States v. Logan*, 2:07-cr-00037-JCM-RJJ, ECF No. 44 at 2 (D. Nev. Apr. 26, 2017); *United States v. Hoffman*, 2:13-cr-00310-JCM-CWH, ECF No. 91 at 2 (D. Nev. Apr. 26, 2017).

**II.   28 U.S.C. § 2255**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

---

[1] All references to *Johnson* refer to *Johnson v. United States*, 135 S. Ct. 2551 (2015), except for one explicit reference to *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not the movant took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

Here, the petitioner's underlying motion for voluntary dismissal—which relied on *Johnson*—is in response to the Court's ruling in *Beckles*. (ECF Nos. 51–52). The United States' response sets forth two main reasons to deny petitioner's claim rather than allowing voluntary dismissal under rule 41(a). (ECF No. 53).

First, the advisory sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles* 137 S. Ct. at 895. In particular, the Supreme Court found, in relevant part, as follows:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Beckles* 137 S. Ct. at 892.

Accordingly, the court will dismiss defendant's motion because the same reasoning applies here.

Second, to be timely, a motion must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3); (ECF No. 53 at 3). However, "[i]n *Beckles*, the Supreme Court rejected the argument that *Johnson* recognized *any* right with respect to the federal sentencing guidelines." (ECF No. 53 at 3).

In the instant matter, judgment was entered on June 27, 2012, (ECF No. 43) and became final on July 10, 2012, because the defendant did not appeal his conviction. (ECF No. 53 at 2).

Nearly four years later, on June 15, 2016, defendant submitted an abridged motion to vacate (ECF No. 46), which he supplemented on December 23, 2016. (ECF No. 50).

Accordingly, petitioner's § 2255 motion is untimely. Motions to vacate a sentence pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> . . . .
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2255(f).

Therefore, defendant's motion is also denied based on timeliness.

In sum, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Ray Lucero Aguilara's motion for voluntary dismissal under 28 U.S.C. § 2255 (ECF No. 52) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 50) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motion to defer ruling for 30 days (ECF No. 51) be, and the same hereby is, DENIED as moot.

DATED June 23, 2017.

_____
UNITED STATES DISTRICT JUDGE